UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 19-10862-LMI

IN RE:

ALAIN MONTES
    Debtor

_____/

TRUSTEE'S OBJECTION TO CONFIRMATION
AND MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO EXEMPTION
(Bare legal title)

Nancy K Neidich, Chapter 13 Trustee, files this Objection to Confirmation and Memorandum in Support of Her Objection to Exemptions and in support therefore states the following:

1. The Debtor is on title but claims he has no legal interest in property described as 2015 Ford Motor Coach Freedom, 2015 Honda Odyssey LX, and US Century Bank account #XXXXXX-115-7.

2. The Debtor claims the source of the funds to obtain the property listed above was a legal settlement which produced a $42,091.00 lump sum settlement and an annuity with annual payments of $6,254.00 paid to the Debtor's father on or about March 2015..

3. The US Century Bank account #XXXXXX-115-7 was titled in the name of Fernando Montes or Xiomara Frometa or Alain Montes.  As Of June 1, 2015, there was a balance of $151,589.29.  The source of the funds in excess of the $42,091.00 lump sum payment is not disclosed.

4. According to the information provided by the Debtor, on or about June 26, 2015, the 2015 Ford Motor Coach Freedom was purchased for the amount of $54,000.00.

5. The Debtor is insured as an additional driver on the 2015 Ford Motor Coach Freedom, and the 2015 Honda Odyssey LX. In addition, the non-debtors have other vehicles.

## LEGAL ARGUMENT

6. The property is titled in the debtor(s)' name which is prima facie evidence that the debtor is the actual owner. The nature and extent of a debtor's interest in property is determined by state law. *Butner v. US* 440 US 48 (1979). Florida Statute 319.22(1), states:

> "[A] person acquiring a motor vehicle or mobile home from the owner thereof, whether or not the owner is a licensed dealer, shall not acquire marketable title to the motor vehicle or mobile home until he or she has had issued to him or her a certificate of title to the motor vehicle or mobile home; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or an assignment of such certificate for such motor vehicle or mobile home for a valuable consideration. Except as otherwise provided herein, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle or mobile home sold, disposed of, mortgaged, or encumbered, unless evidenced by a certificate of title duly issued to that person, in accordance with the provisions of this chapter."

7. The Trustee believes that the debtors' property is deemed to be held as titled unless he is able to rebut that "strong presumption attaching in favor of recorded deed against existence of any secret reservation" *Reasoner v. Fisikelli* 153 So. 98 (Fla 1934). See *also In Re: Schiavone*, 209 BR 751 (Bankr.S.Fla., 1997)

8. The debtors claim that the property is not property of the estate as the debtors hold only legal title and not an equitable interest as the beneficial owner made all the payments. A party can only hold legal title without an equitable interest if there is a trust relationship. This trust relationship is either an express trust, statutory trust, constructive trust or resulting trust. *In re: Corzo* 406 BR 154 (Bankr. SD. Fla. 2008).

9. As there is no written or statutory basis for the trust, the debtor must be claiming a

resulting or constructive trust.

10.  The evidence required to impose a resulting or constructive trust must be "strong, clear and convincing as to leave no doubt as to the existence of the trust".  *Taylor v. Rupp (In re: Taylor)* 133 F3d 1336 (10th Cir 1998) *Grapes v. Mitchell* 159 So.2d 465 (Fla 1964) ;*1031 Exchange services (in Re: Landamerica Financial Group, Inc)* 412 BR 800, 817 (Bankr E.D. Va 2009)*Provence v. Palm Beach Taverns Inc.* 676 So2d 1022, 1025 (Fl 4th Dist.Ct.App 1996) *In re: Kirk* 381 BR 800, 803 (M.D. Fla 2007) *Hiestand v. Geier* 396 So.2d 744, 747

11.  In bankruptcy, section 541(d) states that if the debtor holds legal title without any equitable interest, the estate acquires only legal title without any equitable interest.  The Congressional Record regarding this section states: "To the extent such an interest is limited in the hands of the debtor, it is equally limited in the hands of the estate except to the extent that defenses which are personal against the debtor are not effective against the estate."

12.  To explain its intent, the Congressional Record uses the example of a mortgage which is sold to a second mortgage holder with out the transfer of title to allow the first mortgage holder to service the mortgage.  Thus the first mortgage holder has bare legal title to the mortgage and the second mortgage holder has the equitable title.

13.  Written opinions finding bare legal title under section 11 U.S.C. 541(d) rely on trust law, ie: 1) monies held by a debtor which were collected as sales tax *In re:  Megafoods Stores*, Inc. 163 F3d 1063 (CA9, 1998) 2) monies held as escrow by a closing agent *In re: Dameron*, 155 F3d 718 (CA4 (Va.) 1998) or 3) findings in equity under resulting trust theory.  *In re:  Sale Guaraunty . Corp*. (9th Cir BAP(CA) 1998).

14.  Under Florida law, to prove the property is not equitably held by the debtor, the non-debtor beneficiary must intervene and provide proof of ownership *Kearney v. Unibay Co, Inc.*

466 S.2d 271 (Fla.App.4Dist. 1985). *In re:* Distefano 442 BR 146 (Bankr. S.D. Fl 2010) *Georgia Pacific Corp v. Sigma Serv. Corp* 712 F2d 962, 969 (5th C 1983) *In re: Daugherty* 261 BR 735, 740 (Bankr M.D. Fl 2000) *In re: Coburn* 250 B.R. 401 (M.D. Fla 1999) *In re: Garcia* 276 B.R. 699 (S.D. Fla 2002)

15. The non-debtor beneficiary must prove title and identify the trust fund, and trace the property. In addition, the non-debtor beneficiary must prove all elements of bare legal title by competent, physical evidence , including but not limited to:

> a) The debtor has not now nor never has control over the property.
> b) The debtor has not contributed any funds toward the purchase, insurance, or maintenance of the property.
> c) The debtor has not held the property out as his own on any credit application or any other documentation.
> d) The debtor made an express or implied promise to the non-debtor
> e) The debtor and the non-debtor beneficiary have a confidential relationship

16. Even if the non-debtor beneficiary proves the elements listed in paragraph 11, he must also prove he did not intent to make a gift to the debtor nor intent to leave the debtor a remainder interest in the property.

> A) If the property was title to allow the debtor a remainder interest at the death of the other owners, then the debtor must provide the value of that remainder interest to the unsecured creditor class.

17. **If the non-debtor beneficiary provided the funds for the purchase of the property to the debtor and the funds were co-mingled with the debtor's funds, a creditor-debtor relationship is established not a trust relationship** *Chaisson v. J. Louis Matherne and Assocs. (In re: Oxford Management, Inc)* 4 F3d 1329, 1335 (5th C 1993); *Walsh v. Pennsylvania (In re: Kingsley)* 18 B.R. 233 (Bank. W.D. Pa 1995) *Martinson v. Towe (In re: Towe)* 173 B.R. 197, 210 (Bankr. D. Mont. 1994) aff'd 195 BR 137 (D. Mont. 1996) *Fox v.*

*Shervim (In re: Shervin)* **112 BR 724, 734 (Bankr. E.D. Pa 1990)**

WHEREFORE, the Trustee requests that this Court sustain the Trustee's objection to the Debtor's exemption of the vehicle as bare legal title.

                      RESPECTFULLY SUBMITTED:
                      NANCY K. NEIDICH, ESQUIRE
                      STANDING CHAPTER 13 TRUSTEE
                      P.O. BOX 279806
                      MIRAMAR, FL 33027-9806

                      By: /s/_____
                      Amy E. Carrington, Esq.
                      *Senior Staff Attorney*
                      FLORIDA BAR NO: 101877

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Objection to Confirmation and Memorandum in Support of Her Objection to Exemptions was served through NEF on Robert Sanchez, debtor's attorney on May 21, 2019

                      /s/_____
                      Amy E Carrington, Esq